UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Patricia GRANT<br>    Plaintiff<br><br>v.<br><br>UNITED STATES<br>    Defendant | )<br>)<br>)  Case 2:05-cv- 683-M<br>)<br>)<br>)  Demand for Jury Trial<br>)<br>) |

## COMPLAINT

### I. Introduction

1. This is a complaint to recover an overpayment of income taxes for the tax year 1996 claimed by the Plaintiff Taxpayer from the Internal Revenue Service, but denied to her.

### II. Jurisdiction

2. This Court has jurisdiction by virtue of 28 U.S.C. §1346(a). Venue is proper pursuant to 28 U.S.C. §1396 because the Taxpayer resides in this district and filed her income tax return for 1996 here.

1

### III. Parties

3.  Plaintiff is a Taxpayer who resides in Lowndes County, Alabama, and who filed her 1996 income tax return while residing in Montgomery County, Alabama. Defendant is the United States of America.

### IV. Facts

4.  Plaintiff timely filed her 1996 income tax return and claimed an earned income credit. The Internal Revenue Service (the "Service") disallowed the Plaintiff's earned income credit and assessed an additional tax.

5.  Plaintiff paid the additional tax in installments, making the last payment when the Internal Revenue Service credited to her 1996 tax year an overpayment of $1,525.93 determined by this Court in *Grant v. United States,* Case 2:03-cv-077 F, for Plaintiff's 1995 tax return. After paying her 1996 tax in full, Plaintiff, on or about January 18, 2005, amended her 1996 return and claimed a refund of the additional tax assessed because of disallowance of the earned income tax credit.

6. Plaintiff paid $5,682.17 in tax, interest and penalties within two years prior to January 18, 2005, on the challenged tax liability, and acknowledges she may not claim refund of payments made prior to January 18, 2003.

7. After Plaintiff claimed her refund on or about January 18, 2005, the Service notified Plaintiff and her counsel that the Brookhaven Customer Service Center would contact her within sixty (60) days. The Brookhaven Customer Service Center failed to do so, however, and the Service has failed to act to grant her refund for more than six (6) months. Plaintiff then instituted this action.

8. Plaintiff was in 1996 (and still is today) an unmarried head of household and was entitled to an earned income credit because a dependent minor sister resided with her in her home.

### V.  Reasonable Litigation Costs

9. Should Plaintiff prevail in her claim for a refund of 1996 taxes overpaid, she also claims reasonable litigation costs incurred in connection with this court proceeding as provided in 26 U.S.C. §7430(a)(2).

10. Plaintiff claims the reasonable court costs associated with this case as defined in 26 U.S.C. §7430(c)(1)(A).

11. Plaintiff claims reasonable fees paid or incurred for the services of her attorney in connection with this court proceeding as defined in 26 U.S.C. §7430(c)(1)(B)(iii).

## VI.  Claim for Relief

WHEREFORE, Plaintiff claims a refund of income taxes paid for the 1996 tax year in the amount of $5,682.17 plus interest and costs of court. Plaintiff also claims reasonable attorneys' fees paid or incurred in this court proceeding at the rate of $125.00 per hour or such higher sum as the Court finds applicable under 26 U.S.C. §7430(c)(1)(B)(iii).

_____
JAMES M. SIZEMORE, JR., Attorney
792 Commerce Drive, Suite 104
Alexander City, AL  35010
256/409-1985; Fax 256/409-1987

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury of all the issues in this cause.

_____
JAMES M. SIZEMORE, JR., Attorney