UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **Patricia GRANT** | ) | |
|     **Plaintiff** | ) | |
| | ) | **Case 2:05-cv-683-M** |
| **v.** | ) | |
| | ) | **Demand for Jury Trial** |
| **UNITED STATES** | ) | |
|     **Defendant** | ) | |

**NOTICE CONCERNING SETTLEMENT CONFERENCE
AND MEDIATION**

1. Pursuant to this Court's Uniform Scheduling Order filed November 8, 2005, particularly Section 3 thereof, the parties undertook to conduct a settlement conference not later than January 3, 2006. Counsel were unable to meet "face to face" due to the considerable distance between their offices of more than 750 miles.

2. Despite being unable to meet "face to face," counsel consulted by telephone within the time provided in the Uniform Scheduling Order and discussed the relative merits of the case. During this conversation, counsel reached a tentative agreement to settle the matter on terms acceptable to counsel for both parties.

3. The terms of settlement are tentative because each counsel must seek approval from his client before consummating a binding agreement. In the case of the United States, both the Internal Revenue Service and Justice Department supervisory counsel must approve any binding settlement.

4. Counsel for the parties agree that consultation with clients should be concluded within thirty (30) days.

5. The parties therefore give notice that they complied with the requirements of the Scheduling Order to conduct a settlement conference. Although they reached no binding agreement, they believe that they will, within the next thirty (30) days, achieve an amicable resolution of the issues outstanding between them. Since they believe that they can reach agreement without intervention of a mediator, they report that mediation is not desirable at this time.

6. At such time as the parties reach a binding agreement or, alternatively, reach impasse, they will advise the Court of that fact. If they reach impasse, they will recommend mediation then if that seems likely to break the impasse.

SUBMITTED this 9th day of January, 2006.

/s/ **James M. Sizemore, Jr.**
James M. Sizemore, Jr. (SIZ001)
Attorney for Plaintiff
792 Commerce Drive, Suite 104
Alexander City, AL  35010
256/409-1985; Fax 256/409-1987

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this the 9th day of January, 2006, I served a copy of the foregoing **Notice Concerning Settlement Conference and Mediation** with the Clerk of the Court using the CM/ECF system that will send notice to the following:

Honorable James T. Lyons, Esq.

                                       **/s/ James M. Sizemore, Jr.**
                                       James M. Sizemore, Jr., Of Counsel