IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV683-M |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This case is set for jury trial on 24 April 2006 in Montgomery (Doc. # 15). The plaintiff alleges that, in tax year 1996, she overpaid taxes by $1,525.93, and she demands a refund of income taxes in the amount of $5,682.17 plus interest, costs of court, and reasonable attorney fees. In their Answer to the complaint, the defendant denies the substantive allegations and requests dismissal of the plaintiff's claims.

Although the time for filing dispositive motions expired on 12 December 2005, neither party has filed a dispositive motion. In the Notice Concerning Settlement Conference and Mediation, filed by the plaintiff on 9 January 2006 (Doc. # 17), the plaintiff notified the court that the parties "reached a tentative agreement to settle the matter on terms acceptable to counsel for both parties". Counsel further stated, inter alia, that, in furtherance of a final settlement, "consultation with clients should be concluded within thirty (30) days".

The court has reviewed the file in this case and FINDS that the claims, issues, and defenses to be explored at trial are undefined or under-defined. Moreover, in the absence of

further definition, the parties may proceed to trial with inconsistent positions on the law and perhaps the facts. Thus, in consideration of the parties' representations, and in furtherance of effective management of this case, it is ORDERED as follows:

1. On or before 10 February 2006, the parties shall file their Joint Stipulation of Dismissal, if they are able to reach a settlement. In the absence of a settlement by that date, the parties shall file a second Notice Concerning Settlement Conference and Mediation on that date.

2. If no settlement is reached, on or before 3 March 2006, the plaintiff shall file her pre-trial brief, complete with supporting legal citations which sets forth (a) all of the legal theories upon which her claims are based; (b) the factual evidence supporting a conclusion that her rights have been violated; (c) citations to case law, including case law in this court and circuit, that support her claims on the merits; (d) citations to case law, including case law in this court and circuit, that support her specific claims for a refund, and for payment of costs and attorney fees.

3. On or before 17 March 2006, the defendants shall file their responsive trial brief complete with supporting legal citations which sets forth (a) all of the legal theories upon which its defenses are based; (b) the factual evidence supporting a conclusion that it is not indebted to the plaintiff; and (c) citations to case law, including case law in this court and circuit, that support its defenses and/or allegations on the merits.

4. On or before 24 March 2006, both parties are DIRECTED to file, beyond the

expected Pretrial Order, a pleading entitled "Notice of Undisputed Facts". This pleading shall set forth, in numbered paragraphs, the facts which are not in dispute. Because of the nature of the allegations, the court fully expects that the listing of undisputed facts shall be extensive, since the dispute is less focused on the events themselves than the obligations of the parties.

DONE this 10th day of January, 2006.

       /s/ Vanzetta Penn McPherson
       VANZETTA PENN MCPHERSON
       UNITED STATES MAGISTRATE JUDGE